KAY WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13014. Promulgated April 20, 1928.

*Arnold L. Guesmer, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

742

MARQUETTE: The petitioner claims that the partnership of Wood Brothers, of which he is a member, is entitled in computing its net income for the fiscal year ended February 28, 1919, to deduct the amount of $4,858.82, either as a debt ascertained to be worthless and charged off within the taxable year, or as a loss growing out of the transaction with McCullough, under section 214 (a) (4) and (7) of the Revenue Act of 1918, which provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

*       *       *       *       *       *       *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

*       *       *       *       *       *       *

(7) Debts ascertained to be worthless and charged off within the taxable year.

We are of the opinion that the petitioner's contention is sound and should be sustained. Whether the deduction is claimed on account of a bad debt or a loss makes little difference in the present proceeding. If it was a debt it was clearly ascertained to be worthless and charged off by the partnership within the fiscal year ended February 28, 1919. If it was a loss it was clearly sustained in that year. In either case it was a proper deduction in computing the partnership income for that fiscal year. The respondent apparently has confused the issue. The transaction between the partnership and McCullough was complete when the partnership was unable either to sell the cattle for a price sufficient to cover the advances made to McCullough, or to recover anything from McCullough. While the law suits which were subsequently brought grew out of the same transaction, they did not change the fact that as between the partnership and McCullough the transaction was completed in the fiscal year ended February 28, 1919, so as to result in either a loss to the partnership or a debt due to it from McCullough which was worthless and was so determined and charged off.

The net income of the partnership and the petitioner's distributive share thereof should be recomputed accordingly.

*Judgment will be entered on 15 days' notice, under Rule 50.*